## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROBERT JAMES
MALONE,

           Petitioner,

      v.                                CASE NO. 10-3054-SAC

ROGER WERHOLTZ,
et al.,

           Respondents.

## O R D E R

    This pro se petition was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF), and is not on court-provided forms as required by local rule. The first pleading entitled "Motion for Democracy Kidnapping and Premeditated Murder and Poisoning of the Brain" (Doc. 1) is generally incoherent, as are most of the other 13 pleadings filed herein.

    For example, Mr. Malone alleges that he was deprived of constitutional rights by Wyandotte County Deputies and "Chief Judge Phil L. Sieve who recently adjudicated" his K.S.A. 60-1507 motion on November 16, 2001. He further alleges that he was kidnaped "from November 15th 2001 til January 13th 2002;" was taken off his medication due to a setting for re-trial on November 17, 2001; and that his conviction was dismissed on November 16, 2001. However, he then alleges that the judgment of "conviction was entered May 18, 2002." He mentions "false conviction", that 2001 CV 1140 was overturned, and that he was denied jail time credit "by the county clerk and a finding of not guilty." He also alleges that he "was to be out of here in December, 1992", but he won ten billion dollars and was kidnaped as a result. He complains that his offense was

improperly classified, that "the plaintiff" was not present; that he signed plea agreement; and that he is "criminally being falsely held". He is suing "for the dignities and criminal constitutional rights" as an FBI agent. He alleges "grounds raised" as "to release the plaintiff from false confinement."

He additionally alleges without providing any dates or names of participants that he was tied like a hog in handcuffs and placed in a strip cell where he fell asleep; was sprayed with pepper mace due to not taking his medications; his health was threatened, and his back was injured in segregation during forced medication. He states that he wishes to sue "this facility" for cruel and unusual punishment and "excessive use of force with psychotropic drug." He further alleges "this drug is a very harmful tranquilizer" used to "kill or knock down elephants", and that he has been "on psychotropics" since January 17, 1992, against his will. He also alleges terroristic threats by Larned employees and the courts of Wyandotte. He improperly lists 7 "defendants" on the last page of his habeas petition.

The court has reviewed petitioner's Motion for appointment of counsel (Doc. 3); Motion for Affidavit (Doc. 4) requesting a hearing on forced medication; "Affidavit" (Doc. 5) claiming he should have been released in December 1992; Motion for Review (Doc. 6) requesting an investigation of the facility, claiming defamation of character and that the court of Wyandotte paid him six billion dollars due to "democracy kidnapping" and premeditated murder and claiming this court should release him and pay him a settlement of ten billion dollars; Motion for Mandatory Review (Doc. 7) claiming false imprisonment and generally nonsensical; exhibits (Doc. 8)

including a letter referring to "retired" J. Sieve and the docket from his 60-1507 proceeding in 2001; "Democracy Motion for Pure Order" (Doc. 9) another nonsensical pleading stating he is filing due to "a capitol premeditated murder" of ex-psychiatrist Hwang at Wyandotte by LCMHF security employees on November 17, 2001, that his "real name" is Lt. Chief Chieffiaa federal FBI agent Louis Le Walker from this federal building, that inmates and security staff are rioting against him, and that he was raped, abused, beaten, and robbed; Motion for Apperence (sic) to Court (Doc. 10); Motion for Affidavit to Present Witnesses (Doc. 11) in which he claims his plea was coerced by his attorney; Motion for Writ of Mandamus (Doc. 12) in which he claims interference with his mail and access to the courts; Supplement (Doc. 13) which is a letter to the clerk of the court complaining of psychotropic medications; and Motion for Habeas Corpus (Doc. 14), which has no case number written upon it and which "declares" that his "real grandfather" and father were murdered by KDOC and jail security officers. The court finds that petitioner is not entitled to any of the relief requested in these motions and that they should be denied.

Mr. Malone has previously been informed on numerous occasions that in federal court he is required to file either a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 or a civil rights complaint pursuant to 42 U.S.C. § 1983 on forms provided by the court. As noted, he has not filed this action upon court-provided forms.

Petitioner states in his pleadings that the instant action is a petition for writ of habeas corpus. He has been previously informed that he must exhaust state court remedies on all his claims

3

before he may file a federal habeas corpus in federal court. However, he makes no attempt to even allege specific grounds, more less to show exhaustion of state remedies on each ground.

Moreover, Mr. Malone has previously filed federal habeas corpus petitions in this court that were considered and denied. See e.g., <u>Malone v. Attorney General</u>, No. 02-3156; <u>Malone v. Stovall</u>, 02-3168; <u>Malone v. State of Kansas</u>, No. 02-3097. The court therefore finds that the instant application is a second or successive petition. <u>Woodward v. Williams</u>, 263 F.3d 1135, 1142 (10th Cir. 2001), <u>cert. denied</u>, 535 U.S. 973 (2002). Under 28 U.S.C. § 2244(b)(3)(A), a second or successive petition for writ of habeas corpus may be filed in federal district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the district court to consider the petition. <u>Id</u>. Petitioner in this case did not comply with the provisions of § 2244(b), but filed his Petition without obtaining prior authorization from the Tenth Circuit. As a result, this court lacks jurisdiction to address the merits of any § 2254 claim asserted in the Petition. <u>In re Cline</u>, 531 F.3d 1249, 1251 (10th Cir. 2008); <u>United States v. Nelson</u>, 465 F.3d 1145, 1148 (10th Cir. 2006).

This district court may transfer this action pursuant to 28 U.S.C. § 1631[1] to the Tenth Circuit for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of

---

[1] Section 1631 provides in relevant part:

Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . .

<u>Id</u>.

jurisdiction.  In re Cline, 531 F.3d at 1252.  The court finds that the interest of justice would not be served by transfer of the instant action to the Tenth Circuit Court of Appeals, and that it should be dismissed instead.  The three primary considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year federal limitations period; and (3) whether the claim is likely to have merit.  See id. at 1251.

The first consideration does not support transfer in this case because the statutory requirement for prior authorization of second or successive habeas petitions has been in effect for well over a decade, making it difficult for petitioner to show that the initial filing of his petition in this Court was done in good faith.  See id at 1252.  Second, a dismissal will not make it any more difficult for petitioner to comply with the applicable limitations period. Petitioner's first application was timely, but the one-year statute of limitations has clearly expired for any attempt to amend his first petition to add a new claim.  See U.S. v. Espinoza-Saenz, 235 F.3d 501, 504 (10th Cir. 2000).  In any event, this second habeas application is not an amendment, but a separate filing over five years after the first petition.  See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000).  Finally, the facts showing this case is time-barred lead the court to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed."  Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

Although Mr. Malone characterizes this action as a petition for

5

writ of habeas corpus and seeks release from prison, he also attempts to improperly include claims regarding the conditions of his confinement. He has been previously informed that claims for release from confinement may only be raised in a habeas corpus petition and claims regarding his conditions of confinement are to be raised in a separate civil rights complaint. He has filed many of both types of actions.

The court concludes from the foregoing that this action must be dismissed for the following reasons. The petition for writ of habeas corpus is dismissed for failing to state grounds and supporting facts to support a claim for relief, and for failure to show exhaustion of state court remedies. It is also dismissed because the record contains no indication that Mr. Malone sought and received authorization from the Tenth Circuit Court of Appeals to file this second and successive application in federal court. While the court might transfer a successive petition to the Tenth Circuit for their consideration as to whether or not to grant authorization, the court finds that justice would not be served by the transfer of this action. As noted, Mr. Malone does not state either grounds or supporting facts for relief or exhaustion. Moreover, since Mr. Malone appears to be challenging his 1991 or 1992 conviction, this petition is obviously time barred, as it was not filed within the applicable one-year statute of limitations.

Plaintiff's claims herein, which are challenges to the conditions of his confinement including his claims regarding psychotropic medications and alleged injuries, are not properly raised in a habeas corpus action, and are dismissed without prejudice for that reason. In order to proceed on these claims, Mr.

6

Malone is required to file a civil rights complaint on forms provided by the court naming proper defendants and setting forth dates and other facts in support.  He is reminded however that he has been designated a three-strikes litigant[2], and thus is not entitled to proceed in a civil rights action without prepaying the filing fee for a civil action of $350.00.

**IT IS THEREFORE ORDERED** this petitioner's motion for leave to proceed without prepayment of fees (Doc. 2) is provisionally granted.

**IT IS FURTHER ORDERED** that this action is dismissed for lack of jurisdiction in accordance with 28 U.S.C. § 2244(b)(3), and for the other reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's other pending motions (Docs. 3, 6, 7, 9, 10, 11, 12, and 14) are denied as moot.

Copies of this order shall be transmitted to the petitioner and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

Dated this 19th day of April, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[2] See e.g., Malone v. State of Kansas, 04-3291; Malone v. Alonzo, 97-3064.